UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                            Case No. 12-cr-123 (JNE/JJG) (1)
                                               ORDER

Bryant Duane Griffin,

    Defendant.

This matter is before the Court on Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

A jury found Defendant guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report (PSR) concluded that Defendant's sentence should be enhanced because he was an armed career criminal under the Armed Career Criminal Act (ACCA), which "imposes a more stringent mandatory fifteen year minimum prison term upon felons who unlawfully possess a firearm in violation of § 922(g), and who also have three or more previous convictions for certain drug crimes or 'violent felon[ies].'" *U.S. v. Heikes,* 525 F.3d 662, 663 (8th Cir. 2008) (quoting 18 U.S.C. § 924(e)(1)). The PSR listed four prior convictions that qualify as predicates for application of the ACCA: (1) a September 17, 2001 conviction for attempted terroristic threats; (2) a January 2, 2008 conviction for third degree sale of drugs; (3) a March 24, 2008 conviction for second degree sale of drugs; and (4) another March 24, 2008 conviction for second degree sale of drugs. At sentencing, the Court rejected Defendant's challenge to his status as an armed career criminal and adopted the PSR's determination with respect to the ACCA. The Court sentenced Defendant to 240 months'

imprisonment, which was within the Guidelines. Defendant appealed to the Eighth Circuit, arguing that his sentence was unreasonable and that his Sixth Amendment rights to a jury trial were violated by the application of the ACCA. The Eighth Circuit affirmed. Defendant's petition for a writ of certiorari was denied. Defendant now seeks review of his sentence under 28 U.S.C. § 2255.

In his section 2255 motion, Defendant argues that his Sixth Amendment rights were violated because his sentence was enhanced under the ACCA based on facts that were not presented to a jury. This argument fails for the reasons given when the Eighth Circuit rejected Defendant's direct appeal of his sentence, *U.S. v. Griffin*, 545 F. App'x 583, 587 (8th Cir. 2013), *cert. denied*, 134 S. Ct. 1572 (2014).

In the alternative, Defendant now argues that the Court, in determining that the March 24, 2008 convictions were separate offenses for the purposes of the ACCA, did not limit its inquiry to the proper documents under *Shepard v. U.S.*, 544 U.S. 13, 26 (2005). This argument is barred because Defendant did not raise it on appeal. *See Ramey v. U.S.*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice."). On appeal, Defendant argued that "the jury should have made a specific finding as to whether his drug-sales convictions were committed on occasions different from one another, in order to count as separate predicate offenses." *Griffin*, 545 F. App'x at 587. Defendant did not raise the alternative issue of whether the Court, in determining whether the offenses were separate, failed to base its inquiry on *Shepard*-approved documents. He cannot raise that argument for the first time now.

Defendant also argues that the attempted terroristic threats conviction should not have been counted as a violent felony conviction under the ACCA. The Government concedes that the

approved *Shepard* documents do not establish that this conviction qualifies as a violent felony under the ACCA. Nevertheless, because Defendant has three other qualifying convictions, he qualifies as an armed career criminal under the ACCA. Accordingly, he is not entitled to relief on his claim that he was improperly sentenced.

Finally, Defendant argues that his counsel was ineffective because counsel failed to investigate Defendant's prior convictions to show that they did not all qualify as predicates under the ACCA. However, a review of the sentencing memorandum submitted by Defendant's counsel clearly shows that counsel argued both that the attempted terroristic threats conviction should not be included as a predicate offense and that the two second degree drug offenses should be counted as one offense. Accordingly, the ineffective assistance of counsel claim fails.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Defendant has not demonstrated that reasonable jurists would find the rejection of his claim debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's § 2255 motion [Docket No. 98 ] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 6, 2015

                                                s/ Joan N. Ericksen

                                                JOAN N. ERICKSEN
                                                United States District Judge