UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                          Case No. 12-cr-123 (JNE/JJG) (1)
                                                  ORDER

Bryant Duane Griffin,

      Defendant.

On March 6, 2015, the Court denied Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On March 24, Defendant filed a Rule 60(b) motion and a motion for leave to amend his § 2255 motion. This matter is now before the Court on these motions.

Rule 60(b)(1) authorizes a federal district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Defendant argues that the Court erred by not affording him an opportunity to reply to the Government's response to his § 2255 motion. However, "whether to allow the moving party to file a reply brief is within the Court's discretion." *United States v. Martinez*, Crim. No. 11-131, 2013 WL 3995385, at *2 (D. Minn. Aug. 5, 2013). "When a court does not request, permit, or require the additional argument that would be contained in a reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a brief." *United States v. Crittenton*, Crim. No. 03-349-2, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008). Here, the Court did not request, permit, or require a reply brief. The Court remains convinced that a reply is not necessary. Thus, Defendant is not entitled to relief on this basis.

In his Rule 60(b) motion, Defendant also seeks equitable tolling of the one-year limitations period in order to file an amended § 2255 motion. Equitable tolling is unnecessary because the Court finds that amendment of Defendant's § 2255 motion would be futile. Defendant filed his motion for leave to amend after the Court denied his § 2255 motion. "[D]istrict courts in this circuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009). Defendant's motion for leave to amend raises four claims, all of which are futile.

First, Defendant argues that he is actually innocent of being an armed career criminal because his attempted terroristic threats conviction does not qualify as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). The ACCA "imposes a more stringent mandatory fifteen year minimum prison term upon felons who unlawfully possess a firearm in violation of § 922(g), and who also have three or more previous convictions for certain drug crimes or 'violent felon[ies].'" *United States v. Heikes,* 525 F.3d 662, 663 (8th Cir. 2008) (quoting 18 U.S.C. § 924(e)(1)). As stated in the March 6 order, the Government concedes it cannot prove the attempted terroristic threats offense is a violent felony but, "because Defendant has three other qualifying convictions, he qualifies as an armed career criminal under the ACCA." Thus, Defendant is not actually innocent of his armed career criminal status.

Second, Defendant argues that his counsel was ineffective for not demonstrating that he was actually innocent of being an armed career criminal. An ineffective assistance of counsel claim requires the defendant to show that his counsel's performance was objectively unreasonable and the defendant was prejudiced as a result. *Bear v. United States*, 777 F.3d 1008,

1011 (8th Cir. 2015). Neither part of this test is satisfied here. As found in the March 6 order, Defendant's counsel clearly argued that his offenses should not qualify as predicates under the ACCA. Moreover, as just stated, Defendant is in fact an armed career criminal. Thus, even if Defendant's counsel had failed to contest Defendant's status at the time of sentencing, it did not prejudice Defendant.

Third, Defendant argues that his counsel was ineffective because two of Defendant's prior drug convictions, discussed in paragraphs 36 and 37 of the presentence investigation report (PSR), should not have been counted separately in his criminal history under the United States Sentencing Guidelines. This claim fails because the convictions at issue were not in fact counted separately in determining his criminal history points. The PSR, which was adopted in relevant part by the Court, expressly states in paragraph 37: "Because there was no intervening arrest and the defendant was sentenced on the same day, this conviction is considered related to the conviction for #CR-07-4594 [in paragraph 36]. Therefore, no additional criminal history points are assigned pursuant to §4A1.2(a)(2)."

Fourth, Defendant argues that his appellate counsel was ineffective for failing to demonstrate that Defendant is actually innocent of being an armed career criminal and that the Court erred in counting his drug convictions separately. This claim fails because, as discussed above, Defendant is an armed career criminal and the Court did not improperly count the drug convictions separately.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, Defendant has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Rule 60(b) motion [Docket No. 105] is DENIED.

2. Defendant's motion for leave to file an amended § 2255 motion [Docket No. 104] is DENIED.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 28, 2015

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge